**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| ATC TIRES PRIVATE LTD., ATC TIRES AP TIRE PRIVATE LTD., AND YOKOHAMA OFF-HIGHWAY TIRES AMERICA, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Court No. 26-02526 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Pursuant to Rules 3(a)(2), 5, 7(a), 8, 10, and 11 of the Rules of the United States Court of International Trade, Plaintiff ATC Tires Private Ltd., Plaintiff ATC Tires AP Private Ltd. (collectively, "ATC"), and Plaintiff Yokohama Off-Highway Tires America, Inc. ("YOHTA") (collectively, "Plaintiffs"), by and through their attorneys, Steptoe LLP, hereby allege the following for their complaint against Defendant, the United States:

**JURISDICTION**

1. This action is a challenge to the United States Department of Commerce's ("Commerce") final results in the 2023-2024 antidumping administrative review covering certain pneumatic off-the-road ("OTR") tires from India. The final results were published as *Certain New Pneumatic Off-the-Road Tires From India: Final Results of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 9,553 (Dep't of Commerce, Feb. 26, 2026) ("*Final Results*")

1

and accompanying Issues and Decision Memorandum for the Final Results (Dep't of Commerce, Feb. 23, 2026) ("*I&D Memo*").

2.  This action arises and is brought under sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Tariff Act of 1930, *as amended* ("the Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i). This Court possesses exclusive jurisdiction over actions arising under those provisions, pursuant to 28 U.S.C. § 1581(c).

## STANDARD OF REVIEW

3.  The standard of review, as set forth in 19 U.S.C. § 1516a(b)(1)(B), is whether the determinations, findings, or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## STANDING OF PLAINTIFF

4.  Plaintiff ATC are producers and exporters of OTR tires from India and Plaintiff YOHTA is a U.S. importer of subject OTR tires from India.

5.  As foreign producers and exporters and a U.S. importer, Plaintiffs are interested parties within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3). Plaintiffs also fully participated in the proceeding below. They submitted questionnaire responses and filed case and rebuttal briefs. As "interested parties" that actively participated in the proceeding below, and that are adversely affected by the contested determination, Plaintiffs have standing to commence this action under 19 U.S.C. § 1516a(a)(2)(A), 19 U.S.C. § 1516a(d), 28 U.S.C. § 2631(c), and 28 U.S.C. § 1581(c).

2

## TIMELINESS OF THIS ACTION

6.      On February 26, 2026, Commerce published in the *Federal Register* the *Final Results*. In accordance with section 516A(a)(2)(A)(i)(II) of the Act and 19 U.S.C. § 1516a(a)(2)(A)(i)(II), Plaintiffs filed a timely summons on March 27, 2026. That filing was within 30 days of the publication of the order. Further, this complaint is being filed within 30 days of the summons. Accordingly, this action has been timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II), 28 U.S.C. § 2636(c), and Court of International Trade Rules 3(a)(2) and 6(a).

## STATEMENT OF FACTS

7.      On May 8, 2024, Commerce initiated the 2023-2024 antidumping administrative review into Plaintiffs' sales and entries of OTR tires from India in response to requests filed on March 29, 2024, by Plaintiffs and Titan Tire Corporation ("Petitioner"). *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 38,867 (Dep't of Commerce, May 8, 2024).

8.      In responding to Commerce's questionnaires during the investigation, Plaintiffs argued that Commerce should conclude that ATC's sales in its home market are made at a more advanced level of trade than its sales to YOHTA and should therefore grant ATC a constructed export price ("CEP") offset to normal value. *See* Plaintiffs' Response to Section A of the Department's Questionnaire at 44 (Jun. 28, 2025).

9.      On July 11, 2025, Commerce issued its preliminary results and calculated a dumping margin of 3.78 percent for Plaintiffs. *See Certain New Pneumatic Off-the-Road Tires From India: Preliminary Results and Partial Recission of Antidumping Duty Administrative*

3

*Review; 2023-2024*, 90 Fed. Reg. 30,871, 30,872 (Dep't of Commerce, Jul. 11, 2025). In doing so, Commerce declined to grant a CEP offset to normal value. *See* Memorandum from Scott Fullerton to Christopher Abbot, Re: Decision Memorandum for the Preliminary Results of the Administrative Review of the Antidumping Duty Order on Certain New Pneumatic Off-the-Road Tires from India; 2023-2024, at 13-14 (Dep't of Commerce Jul. 7, 2025). Commerce also applied its so-called "differential pricing" analysis. *See Id*. at 13-14.

10.     On August 6, 2025, Plaintiffs filed a case brief. In the case brief, Plaintiffs again argued that Commerce should grant it a CEP offset. *See* Petitioners' Case Brief at 3-21 (Aug. 6, 2025). Specifically, Plaintiffs argued that: (1) the record overwhelmingly demonstrated that Plaintiffs' sales in the home market are made at a more advanced level of trade than its CEP sales; and (2) granting CEP offset to normal value would be consistent with past practice under this proceeding. *See Id*. Plaintiffs also argued that Commerce's differential pricing methodology is arbitrary and unreasonable to determine the existence of a pattern of significant price differences among purchasers, regions, or periods of time. *See Id*. at 21-29. Specifically, Plaintiffs argued that: (1) Commerce's new price difference test used to determine whether a pattern of significant price differences among purchasers, regions, or periods of time, based on a two percent threshold is arbitrary as Commerce failed to explain why this methodology is reasonable given that this Court has previously raised issues with a similar methodology for evaluating differential pricing before Cohen's d; and (2) Commerce's elimination of the mixed method in favor of a single 33 percent cutoff for the average-to-transaction ("A-T") method is unreasonable and contrary to past Court of Appeals for the Federal Circuit precedent that found the mixed method to be reasonable and a more accurate methodology for determining the dumping margin. *See Id*.

11. On February 26, 2026, Commerce published the Final Results, in which it rejected Plaintiffs' arguments regarding CEP offset and the use of the differential pricing methodology. In the Final Results, Commerce continued to calculate a dumping margin of 3.78 for Plaintiffs. See Final Results at 9,554.

12. On February 27, 2026, Plaintiffs filed ministerial error comments arguing that Commerce inadvertently considered an expense field twice in its calculation of  U.S. movement expenses. See Plaintiffs' Ministerial Error Comments at 2-3 (Feb. 27, 2026).

13. On March 11, 2026, Commerce rejected Plaintiffs' ministerial error comments as untimely. See Letter from Alice Maldonado to ATC Tires Private Limited c/o Eric Emerson, Re: 2023-2024 Antidumping Duty Administrative Review of Certain New Pneumatic Off-the-Road Tires from India: Rejection of Untimely Ministerial Error Allegation (Mar. 11, 2026).

## STATEMENT OF CLAIMS

### COUNT 1

14. Paragraphs 1 to 13 are incorporated by reference.

15. In denying Plaintiffs a CEP offset, Commerce failed to consider record evidence establishing that Plaintiffs satisfied the legal requirements to qualify for a CEP offset adjustment to its normal value and demonstrating that ATC's home market level of trade was at a more advanced stage of marketing than the U.S. level of trade.  The Department also abandoned its prior practice in this proceeding of granting a CEP offset on a substantially identical factual record, without explanation.  Commerce's failure to properly consider this evidence and its

unjustified departure from past practice renders its determination unsupported by substantial evidence on the record, or otherwise not in accordance with law.

## COUNT 2

16.    Paragraphs 1 to 15 are incorporated by reference.

17.    Commerce's application of the differential pricing analysis in calculating the dumping margins was unsupported by substantial evidence on the record, or otherwise not in accordance with law, because Commerce failed to explain why the price difference test used to determine whether a pattern of significant price differences among purchasers, regions, or periods of time based on a two percent threshold is reasonable; and unreasonably eliminated the mixed method in favor of a single 33 percent cut-off for the A-T method in contradiction of past judicial precedent.

## COUNT 3

18.    Paragraphs 1 to 17 are incorporated by reference.

19.    Commerce's decision to reject Plaintiffs' ministerial errors as untimely was not supported by substantial evidence and was in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court: 1) hold that the *Final Results* are not supported by substantial evidence and is otherwise not in accordance with law to the extent alleged herein; 2) remand this matter to Commerce to recalculate

Plaintiffs' antidumping duty and cash deposit rate consistent with the Court's final decision;

and 3) provide such other relief as this Court deems proper.

Respectfully submitted,

/s/ Eric C. Emerson
Eric C. Emerson
Katherine Shin

Steptoe LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-8076

Attorney for Plaintiffs ATC Tires Private
Ltd., Plaintiff ATC Tires AP Private Ltd.
and Yokohama Off-Highway Tires
America, Inc.

Date: April 27, 2026